UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:16-cr-00084-JDL |
| | ) |
| MUSTAFA HASSAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR RECONSIDERATION**

In August 2020, Mustafa Hassan filed an amended motion for compassionate release under 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2021), based on the alleged health risks he faces in federal custody due to the COVID-19 pandemic (ECF No. 163). On October 21, 2020, I issued an order denying Hassan's motion (ECF No. 169). Hassan now moves for reconsideration of my order denying his motion for compassionate release (ECF No. 170).

In his current motion, Hassan asserts that there are new cases of COVID-19 at the facility where he is incarcerated, FCI Fort Dix. He also argues that he has demonstrated rehabilitation and growth during his time in prison, and requests that I appoint counsel to help him seek reconsideration, as I did for his original compassionate release motion. When I denied Hassan's motion for compassionate release, I found that he had not established extraordinary and compelling reasons to support his release because he had not shown that he is at a heightened risk of severe illness from the virus due to his medical condition or race. Moreover, in that order, I acknowledged that FCI Fort Dix had a number of confirmed positive cases, but

concluded that Hassan's failure to establish that he is at a heightened risk of severe illness from the virus precluded a finding of extraordinary and compelling reasons. In his motion for reconsideration, Hassan has not provided any new evidence or argument regarding his medical condition, race, or any other characteristic that might place him at a heightened risk of severe illness from COVID-19. Because Hassan's motion does not present any new evidence or assertions that would support a finding of extraordinary and compelling reasons, I deny his motion.

Additionally, because the matter is not "factually complex and legally intricate" and involves no "undeveloped" facts, I decline to appoint counsel. *United States v. Mala*, 7 F.3d 1058, 1064 (1st Cir. 1993).

There is one final issue that needs comment. In his reply to the Government's response to his motion for reconsideration, Hassan asserts that he was scheduled to be transferred to a residential reentry center (RRC, i.e., a halfway house) on January 19, 2021, and that in late December, in preparation for that transfer, the Bureau of Prisons placed him in a "quarantine" unit with a number of other people awaiting transfer. On January 14, 2021, Hassan was informed that his RRC transfer would be delayed until February 16 because another person in the quarantine unit had tested positive a few days earlier. Hassan asserts that the BOP will continue to delay his RRC transfer if he is again exposed to the virus, and states that this is likely because he is now in a unit with active cases. He requests that I order him released to home confinement instead of to an RRC.

Hassan's assertions call into question the wisdom of quarantining confined persons en masse during a pandemic. However, absent a court-ordered sentence

reduction under § 3582(c)(1)(A) or similar relief, the BOP has plenary authority over "the place of [a] prisoner's imprisonment." 18 U.S.C.A. § 3621(b) (West 2021); *see Tapia v. United States*, 564 U.S. 319, 331 (2011). Because Hassan has not established extraordinary and compelling reasons to support compassionate release, I lack authority to grant the relief he seeks.

It is therefore **ORDERED** that Hassan's motion for reconsideration (ECF No. 170) is **DENIED**.

**SO ORDERED.**

**Dated this 25th day of January, 2021.**

                                                               /s/ JON D. LEVY
                                       **CHIEF U.S. DISTRICT JUDGE**